UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 60 PENSION FUND, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-4152 |
| A H GUTHANS COMPANY, INC. AND ANTHONY GUTHANS, JR. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Plaintiffs' "Motion for Default Judgment" (Rec. Doc. 12). Having carefully viewed the record, Plaintiffs' submissions, and applicable law, **IT IS ORDERED** that Plaintiffs' motion is **DENIED**. In short, on the present showing made, Plaintiffs have failed to demonstrate their entitlement to a default judgment.

With respect to the individual defendant, Mr. Anthony Guthans, Jr., it is not apparent to the Court, based on the proof of service filed into the record (Rec. Doc. 6), that lawful personal service has been effected upon Mr. Guthans in his individual capacity.[1] Further, assuming that Defendant A H Guthans Company, Inc. has been properly served, Plaintiffs' submissions, in their present state, are inadequate. Specifically, the Court notes that the interest rate and the monetary

---

[1] Even if Donna Marino is an employee of A H Guthans, Company, Inc., Plaintiffs do not cite to any authority establishing that she is "designated by law to accept service of process on behalf of Anthony Guthans." See Rec. Doc. 6. Additionally, the provision of the proof of service at issue seemingly contemplates service of process effected upon an organization, not an individual. *Id.*

amounts set forth in Plaintiffs' memorandum in support of their motion for default judgment (Rec. Doc. 12-1, pp. 5 and 12) do not match those set forth in the proposed judgment (Rec. Doc. 12-16) filed by Plaintiffs. Nor is any explanation of the discrepancy, or the manner in which the various amounts were calculated or determined, provided. Indeed, to the extent certain amounts are established by law and/or by agreement of the parties, including the applicable interest rate and liquidated damages percentage, no citation of legal authority or documentary evidence is referenced. For these reasons, Plaintiffs' instant motion is denied.[2]

New Orleans, Louisiana, this 9th day of August 2016.

                                                          **KURT D. ENGELHARDT**
                                                          **United States District Judge**

---

[2] The Court additionally notes that at least one case citation in Plaintiffs' memorandum is erroneous and incomplete (see Rec. Doc. 12-1, p. 11, n. 18 and n. 19), and certain statutory citations fail to identify the applicable provisions of the United States Code (see Rec. Doc. 12-1, pp. 7 and 11). To the extent that Plaintiffs make a second attempt to receive a default judgment in this matter, all of the foregoing identified shortcomings must be rectified. Further, in order to obtain a default judgment based solely on documentary evidence, the movant must specify the applicable provisions of that supporting documentation and establish its evidentiary admissibility.